# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA
### Washington DC

ROBERT ANDREW SPELKE )
9721 Whitley Park Place )
Bethesda, Maryland  20814 )
    Plaintiff )
)
v. )    Case No: _____
)    **JURY TRIAL DEMANDED**
ALBERTO GONZALEZ, Attorney General )
Department of Justice )
    Defendant )
)

**SERVE:**    Jeffrey A. Taylor
United States Attorney for the District of Columbia
Judiciary Center Building
555 4th Street, N.W.
Washington, D.C. 20530

Alberto Gonzalez, Attorney General
Department of Justice
    c/o United States Attorney General's Office
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C.  20530

## COMPLAINT

COMES NOW, Robert Andrew Spelke, by counsel, Kevin Byrnes of Wade & Byrnes

P.C., and files this Complaint alleging the following facts, violations of law and prayer for relief:

**I.**     **Jurisdiction and Venue**

1.     This action is brought for discrimination in employment pursuant to the Age

Discrimination in Employment, as amended, 29 U.S.C § 621 et seq. ("ADEA"), the Americans

with Disabilities Act of 1990, 42 U.S.C. §§ 12112 et seq., ("ADA") and Section 501 of the

Rehabilitation Act of 1973, 29 U.S.C. 791 et seq. ("Rehabilitation Act").

WADE & BYRNES P.C.
616 NORTH WASHINGTON STREET
ALEXANDRIA, VIRGINIA 22314-1991
(703) 836-9030
Fax # (703) 683-1543

2.     Jurisdiction is specifically conferred upon this United States District Court by the aforementioned statutes, as well as 28 U.S.C. §§ 1331, 1343. Furthermore, this action involves a federal instrumentality as Defendant. 28 U.S.C. § 501 et seq.

3.     Venue in this forum is proper because the acts complained of in this action occurred within the District of Columbia and Plaintiff was at all times employed in the District of Columbia by the Department of Justice.

## II.    Parties

4.     <u>Defendant:</u>  The United States Department of Justice is the nominal Defendant in this action.  The Attorney General Alberto Gonzalez is also a nominal defendant in his role as head of the agency subject to this suit.  Mr. Gonzalez is believed to have no personal knowledge of the facts which give rise to this instant complaint. The real party in interest is the U.S. Attorney's Office for the District of Columbia and its officers and agents.

5.     <u>Plaintiff:</u>  Robert Spelke (hereinafter "Plaintiff" or "Mr. Spelke") is a career federal employee with an unblemished record with the Department of Justice.  Mr. Spelke has served as an Assistant United States Attorney, an attorney with the Drug Enforcement Administration and an attorney in the Department of Justice Narcotics and Dangerous Drugs Section (a position he currently holds).  Mr. Spelke contends the he was discriminated against based on age (over 40), physical disability (cancer) and or perceived disability (cancer).

WADE & BYRNES P.C.
616 NORTH WASHINGTON STREET
ALEXANDRIA, VIRGINIA 22314-1991
(703) 836-9030
FAX # (703) 683-1543

Page 2 of 10

### III.    Facts

6        In July 2004, Mr. Spelke applied for an Assistant United States Attorney (AUSA)

position ("the Position") with the Civil Division of the United States Attorney's Office for the

District of Columbia ("USAO-DC").   Mr. Spelke has previously served ten (10) years with the

USAO-DC  from 1987 to1997 and was in essence reapplying for a position with the USAO-DC

from his position as a trial attorney with the Narcotics and Dangerous Drugs Section (NDDS),

Criminal Division of the U.S. Department of Justice (i.e., "Main Justice").  While both the

USAO-DC and the NDDS are components of the Justice Department, they maintain independent

hiring mechanisms.

7        On July 16, 2004, Mr. Spelke was interviewed by Craig Lawrence, Acting Chief,

Civil Division, Dan Vanhorn, Deputy Chief, Civil Division, Doris Coles-Huff, Deputy Chief,

Civil Division and Lisa Goldfuss, Assistant United States Attorney for a position as an Assistant

United States Attorney in the USAO-DC's Civil Division.

8        Mr. Spelke was amply qualified for the position in question, based on his

experience, training and standing with the judiciary in the District of Columbia.  Though hiring at

the time, the USAO-DC failed to provide Mr. Spelke with any determination as to his application

or interviews and essentially ignored him.

9.        During this period, Mr. Spelke made repeated requests on the status of his

application. The USAO-DC to provide a response to any of his inquiries.

WADE & BYRNES P.C.
615 NORTH WASHINGTON STREET
ALEXANDRIA, VIRGINIA 22314-1991
(703) 836-9030
Fax P (703) 693-1543

Page 3 of  10

10.     While ignoring Mr. Spelke's application, the USAO-DC actively sought and recruited other attorneys, who were less qualified then Mr. Spelke by any objective criteria. Additionally, on information and belief, no other interviewees were either over forty years old or disabled.

11.     Upon information and belief, all persons who received employment offers for a position in the Civil Section of the USAO-DC were under forty years old and were not disabled or regarded as being disabled.

12.     On August 2, 2005, Mr. Spelke wrote to Unites States Attorney Kenneth Weinstein, asking for the status of his pending application. Mr. Weinstein had been a friend of Mr. Spelke when they both served as AUSA's at the USAO-DC and was personally aware of Mr. Spelke's age and prior disability. Mr. Weinstein ignored the inquiry.

13.     On October 6, 2005, Mr. Spelke, through his counsel, protested the lack of action on Mr. Spelke's application and raised concerns that Mr. Spelke's non-selection was based on age and disability discrimination. Mr. Spelke requested the agency review the application anew or provide a decision as to non-selection supplemented by legitimate non-discriminatory reasons for its non-selection.

14.     On December 7, 2005, Mr. Spelke received a letter from Channing D. Phillips, Principal Assistant United States Attorney denying Mr. Spelke's application for an AUSA position.

15.     Mr. Spelke's qualifications by virtue of training, skill, reputation with the Judges and attorneys as well as courtroom experience exceeded that of all other applicants hired during this period.

WADE & BYRNES P.C.
616 NORTH WASHINGTON STREET
ALEXANDRIA, VIRGINIA 22314-1991
(703) 836-9030
Fax # (703) 683-1543

Page 4 of 10

16.    Mr. Spelke was also otherwise qualified for the Position he sought, with or without a reasonable accommodation for his physical condition.

17.    Mr. Spelke's age and disability were considered in the Defendant's non-selection for the Position and no other legitimate reason exists for the USAO's denial of his application.

18.    On December 21, 2005, shortly after receiving the non-selection letter by the Defendant, Mr. Spelke timely filed a Complaint of Discrimination based upon his age and disability.

19.    To date, the Agency has rendered no final decision on Mr. Spelke's complaint and more than 180 days has elapsed since a formal complaint was filed.

### COUNT ONE:
### Age Discrimination in Violation of the ADEA

20.    Paragraphs 1-19 are re-alleged and incorporated by reference as if fully set forth herein.

21.    Mr. Spelke was born on July 11, 1957.

22.    Mr. Spelke is a member of the class of persons protected by the ADEA because he is over forty years of age and was over forty years old during the acts and omissions alleged in this suit.

23.    Ageism by members of the USAO-DC was a discriminatory factor in the non-selection of Mr. Spelke for the Position.  On information and belief, the Civil Division felt its workload was too exhaustive for older workers to handle.

24.    The Defendant subjected Mr. Spelke to a hiring practice that has a discriminatory impact against persons who are over forty years old.

**WADE & BYRNES P.C.**
616 NORTH WASHINGTON STREET
ALEXANDRIA, VIRGINIA 22314-1991
(703) 836-9080
Fax # (703) 683-1543

Page 5 of 10

25.     Both before and after Mr. Spelke was interviewed , the Defendant had already decided not to consider Mr. Spelke for employment  because the Defendant was actively soliciting and recruiting others, who were under forty-years old and because the Defendant was aware of both Mr. Spelke's age and his disabling condition.

26.     The non-selection of Mr. Spelke was a result of illegal disparate treatment of those over forty years old.

27.     The USAO-DC, as a pattern and practice, employed younger attorneys for the Position applied for by Mr. Spelke.

28.     The Defendant, as a pattern and practice, employed younger attorneys for similar positions at the USAO-DC.  As a result Mr. Spelke, was excluded from the application pool.

29.     During the time Mr. Spelke's application was under review by the USAO-DC objectively less qualified applicants who did not have the demonstrable experience and credentials of Mr. Spelke, received appointments from the USAO-DC in the Civil Division.  All of these applicants were under the age of forty years old.

30.     On October 6, 2005 Mr. Spelke alleged his non-hire was for discriminatory reasons.  In less then sixty days (60) after this assertion, the USAO-DC denied his application.

31.     No legitimate business justification exists for the non-selection of Mr. Spelke and none was cited during the administrative investigation of Mr. Spelke's discrimination claim.

## COUNT TWO:
### Disability Discrimination - Consideration of Disability in non-selection

32.     Paragraphs 1-31 are re-alleged and incorporated by reference as if fully set forth herein.

WADE & BYRNES P.C.
616 NORTH WASHINGTON STREET
ALEXANDRIA, VIRGINIA 22314-1991
(703) 836-9030
Fax # (703) 683-1543

Page 6 of  10

33.    Mr. Spelke is a member of the class of persons protected by the Rehabilitation Act because he suffers from a physical disability (cancer) which is permanent in nature and effects substantial life activities. Further Mr. Spelke has been regarded as or perceived as disabled by members of the USAO-DC and by others employed by the Defendant since the mid-1980s.

34.    During the time Mr. Spelke's application was under review by the USAO-DC for the Position, numerous other applicants, who were less qualified, received appointments at the USAO-DC.  Summarily, these applications were neither disabled nor regarded as disabled by members of the USAO-DC.

35.    The USAO-DC determined that Mr. Spelke was either disabled or they perceived him as too disabled to occupy the position of an AUSA.

36.    This decision was not predicated on medical information or fact but upon the USAO-DC's stereotypical concerns about Mr. Spelke's ability to handle a civil case load.

37.    The Defendant failed to consider or offer *any* reasonable accommodation to Mr. Spelke's for his disability, concluding summarily on the basis of his cancer, that he was incapable of handling the duties of an AUSA.

38.    Mr. Spelke was discriminated against by the Defendant and the USAO-DC applied the improper criteria of Mr. Spekle's disability and/or their perception of Mr. Spelke's physical impairment in their non-selection of Mr. Spelke for the Position.

39.    The Defendant's non-selection of Mr. Spelke for the Position, and continued failure to provide Mr. Spelke with any reasonable accommodation, violates the Rehabilitation Act.

WADE & BYRNES P.C.
616 NORTH WASHINGTON STREET
ALEXANDRIA, VIRGINIA 22314-1991
(703) 836-9600
Fax # (703) 683-1543

Page 7 of  10

## COUNT THREE:
## Retaliation for Invoking Anti-Discrimination Laws

40.  Paragraphs 1-39 are re-alleged and incorporated by reference as if fully set forth herein.

41.  The non-selection of Mr. Spelke on December 7, 2005 for the Position constitutes an adverse employment action under the anti-retaliation provisions of the Rehabilitation act of 1973, the ADA and the ADEA.

42.  On October 6, 2005, after a year of inaction and no response to Mr. Spelke's queries about his application, Mr. Spelke's invoked federal anti-discrimination laws, through counsel.

43.  The Agency's denial of Mr. Spelke's application occurred after he invoked the specter of discrimination based on age and disability.

44.    As a direct and proximate result of receiving Mr. Spelke's protest under federal anti-discrimination laws, the USAO-DC  denied Mr. Spelke the Position as an AUSA.

## PRAYER FOR RELIEF:

WHEREFORE, Plaintiff requests that this Court enter judgment:

(a)  declaring the acts and practices complained of to be in violation of the ADEA;

(b)  declaring the acts and practices complained of to be in violation of the Rehabilitation Act of 1973 and the Americans with Disability Act of 1990 as incorporated therein;

(c)  enjoining and restraining the Defendant from any further violations of the ADEA and the Rehabilitation Act;

(d)  directing the Defendant to take such affirmative steps as are necessary to ensure that the effects of its unlawful employment practices are eliminated;

(e)  directing Defendant to place plaintiff in an AUSA Position

WADE & BYRNES P.C.
616 NORTH WASHINGTON STREET
ALEXANDRIA, VIRGINIA 22314-1991
(703) 836-9030
Fax # (703) 683-1543

(f) directing the Defendant to making the plaintiff whole for all earnings, compensation and benefits he would have received but for the Defendant's discriminatory and otherwise wrongful actions, including, but not limited to, wages, supplements, bonuses, sales commissions, pension, severance benefits, benefits that would have otherwise been included in Plaintiff's pension plan(s), medical insurance, medical leave and personal leave, insurance policies, and other lost benefits, to the extent there is a variance between those the Plaintiff earned and those he would have received;

(g) awarding Plaintiff any and all amounts owed to him that have been withheld in violation of the ADEA and/or the Rehabilitation Act of 1973, together with interest thereon;

(h) awarding Plaintiff the maximum amount of compensatory damages, including pain and suffering authorized by statute for each count plead;

(i) awarding the plaintiff liquidated damages pursuant to the ADEA and Rehabilitation Act in the form of back-pay;

(j) awarding the Plaintiff the costs of this action, together with reasonable attorneys' fees to the maximum extent available under the law; and

(k) granted such other and further relief as this Court may deem just and proper.

WADE & BYRNES P.C.
676 NORTH WASHINGTON STREET
ALEXANDRIA, VIRGINIA 22314-1991
(703) 836-9030
Fax # (703) 683-1543

Page 9 of 10

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby demands

a trial by jury in this action of all issues so triable.

RESPECTFULLY SUBMITTED

ROBERT ANDREW SPELKE

COMMONWEALTH OF VIRGINIA:
CITY of <u>Alexandria</u>, to wit:

On this 1st day of November, 2006, Robert Andrew Spelke, the Plaintiff named in the
foregoing Complaint, appeared before me, the undersigned notary public in and for the
jurisdiction aforesaid, and after being duly sworn, stated that the facts and allegations in the
aforesaid Complaint are true to the best of his knowledge.

NOTARY PUBLIC

My Commission Expires: <u>10/31/09</u> .

WADE & BYRNES, P.C.

Kevin Byrnes, DC Bar # 480195
616 North Washington Street
Alexandria, Virginia 22314
Phone: 703/836-9030
Fax: 703/683-1543
Counsel for Plaintiff

WADE & BYRNES P.C.
N NORTH WASHINGTON STREET
LEXANDRIA, VIRGINIA 22314-1991
(703) 836-9030
Fax # (703) 683-1543

Page 10 of 10

JS-44
(Rev.1/05 DC)

## CIVIL COVER SHEET

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Robert Andrew Spelke<br>9721 Whitley Park Place<br>Bethesda, MD 20814 | Alberto Gonzalez |

| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF     Montgomery<br>(EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____<br>(IN U.S. PLAINTIFF CASES ONLY) _____<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF<br>LAND INVOLVED |

| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| Kevin Byrnes<br>Wade & Byrnes, P.C.<br>616 N. Washington Street<br>Alexandria, VA 22314     703/836-9030 | Jeffrey A. Taylor<br>United States Attorney for the District of Columbia |

---

**II. BASIS OF JURISDICTION**

(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government
   Plaintiff

● 2 U.S. Government
   Defendant

○ 3 Federal Question
   (U.S. Government Not a Party)

○ 4 Diversity
   (Indicate Citizenship of
   Parties in item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place<br>of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place<br>of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a<br>Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

---

## IV. CASE ASSIGNMENT AND NATURE OF SUIT

(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

| ○ **A. Antitrust** | ○ **B. Personal Injury/ Malpractice** | ○ **C. Administrative Agency Review** | ○ **D. Temporary Restraining Order/Preliminary Injunction** |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Medical Malpractice<br>☐ 365 Product Liability<br>☐ 368 Asbestos Product Liability | ☐ 151 Medicare Act<br><br>**Social Security:**<br>☐ 861 HIA ((1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g)<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**Other Statutes**<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 890 Other Statutory Actions (If<br>    Administrative Agency is Involved) | Any nature of suit from any category may<br>be selected for this category of case<br>assignment.<br><br>*(If Antitrust, then A governs)* |

| ○ **E. General Civil (Other)** | **OR** | ○ **F. Pro Se General Civil** |  |
|---|---|---|---|

| **Real Property**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent, Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property<br><br>**Personal Property**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | **Bankruptcy**<br>☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**Prisoner Petitions**<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br><br>**Property Rights**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**Federal Tax Suits**<br>☐ 870 Taxes (US plaintiff or<br>    defendant<br>☐ 871 IRS-Third Party 26<br>    USC 7609 | **Forfeiture/Penalty**<br>☐ 610 Agriculture<br>☐ 620 Other Food &Drug<br>☐ 625 Drug Related Seizure<br>    of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 RR & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational<br>    Safety/Health<br>☐ 690 Other<br><br>**Other Statutes**<br>☐ 400 State Reapportionment<br>☐ 430 Banks & Banking<br>☐ 450 Commerce/ICC<br>    Rates/etc.<br>☐ 460 Deportation | ☐ 470 Racketeer Influenced &<br>    Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Satellite TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/<br>    Exchange<br>☐ 875 Customer Challenge 12 USC<br>    3410<br>☐ 900 Appeal of fee determination<br>    under equal access to Justice<br>☐ 950 Constitutionality of State<br>    Statutes<br>☐ 890 Other Statutory Actions (if<br>    not administrative agency<br>    review or Privacy Act |

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment<br>(criteria: race, gender/sex,<br>national origin,<br>discrimination, disability<br>age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted<br>Student Loans<br>(excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting &<br>Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights<br>Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-<br>Employment<br>☐ 446 Americans w/Disabilities-<br>Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment &<br>Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of<br>Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting<br>(if Voting Rights Act) |

**V. ORIGIN**

⊙ 1 Original
Proceeding  ○ 2 Removed
from State
Court  ○ 3 Remanded from
Appellate Court  ○ 4 Reinstated
or Reopened  ○ 5 Transferred from
another district
(specify)  ○ 6 Multi district
Litigation  ○ 7 Appeal to
District Judge
from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

29 USC 621 (ADEA); Americans with Disabilities Act of 1990; 42 USC 12112; Section 501 of Rehabilitation Act of 1973, 29 USC 791

**VII. REQUESTED IN
COMPLAINT**   ☐ CHECK IF THIS IS A CLASS
ACTION UNDER F.R.C.P. 23   DEMAND $ ¦ See Complaint ¦   Check YES only if demanded in complaint
JURY DEMAND:   YES ☒   NO ☐

**VIII. RELATED CASE(S)
IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE 11/2/06   SIGNATURE OF ATTORNEY OF RECORD _____

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.