UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

SEP 2 7 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| ROBERT ANDREW SPELKE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Case No. 06-1887 (RJL) |
| ALBERTO R. GONZALES, | ) ) |
| Defendant. | ) ) |

MEMORANDUM OPINION
(September 26, 2007) [#5]

Plaintiff, Robert A. Spelke, a fifty-year old employee of the Department of Justice, brings this action against Alberto Gonzales of the United States Department of Justice in his official capacity as Attorney General. Plaintiff alleges violations of the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 621, *et seq.*, ("ADEA"), the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112, *et seq.*, ("ADA"), and Section 501 of the Rehabilitation Act of 1973, 29 U.S.C. 791, *et seq.*, ("Rehabilitation Act"). Currently before the Court is defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment. Upon consideration of defendant's motion and the entire record herein, the Court GRANTS defendant's motion.

## BACKGROUND

Plaintiff, a career prosecutor assigned to the Department of Justice Narcotics and Dangerous Drugs Section ("NDDS"), interviewed for a position as an Assistant United States Attorney ("AUSA") with the Civil Division in the United States Attorney's Office for the District of Columbia ("USAO-DC") on July 16, 2004. (Compl. ¶¶ 6, 7.) On October 6, 2005, plaintiff, through counsel, sent a letter to Kenneth Wainstein protesting the lack of action regarding his application, raising his concern that this inaction *may* be due to age and disability discrimination, and requesting re-review of his application. (*Id.*



¶ 13.) Principal United States Attorney Channing D. Phillips responded to plaintiff's inquiry in a December 7, 2005 letter, advising him that the USAO-DC was unable to offer him a position as an AUSA. (*Id.* ¶ 14.) From July 2004 to August 2005, the USAO-DC conducted interviews of other applicants and ultimately hired seven new AUSAs for the Civil Division by August 2005. (*Id.* ¶ 29; Def. Mot., Ex. 8, ¶ 11.)

Based upon this non-selection, Spelke filed a charge of discrimination with the Executive Office for United States Attorneys ("EOUSA") Equal Employment Opportunity Staff on December 21, 2005, claiming that his "qualifications by virtue of training, skill, and reputation . . . as well as courtroom experience exceeded all of the other applicants hired during this period," and asserting that his "age and disability were considered in the [d]efendant's non-selection for the [p]osition [because] no other legitimate reason exists for the [USAO-DC]'s denial of his application." (*Id.* ¶¶ 15, 17, 18.) His complaint, however, is considerably broader in scope.

Initially, Spelke alleges that the employees of the USAO-DC engaged in "[a]geism," in violation of the ADEA, 29 U.S.C. § 621, *et seq.*, because they believed the "workload was too exhaustive for older workers to handle."[1] (*Id.* ¶ 23.) Thereafter, however, he contends that, because of his cancer condition, the USAO-DC violated the Rehabilitation Act, 29 U.S.C. § 791, *et seq.*, by determining that he was "either disabled or they perceived him as too disabled to occupy the [position]," and that "the [d]efendant failed to consider or offer any reasonable accommodation . . . for his disability, concluding summarily on the basis of his cancer[] that he was incapable of handling the

---

[1] Spelke was born on July 11, 1957 and, as such, is a member of the class of persons protected by the ADEA because he is over forty years of age and was over forty years of age at all times relevant to this action. (Compl. ¶¶ 21, 22.)

2

duties of an AUSA."[2] (*Id.* ¶¶ 36, 37, 39.) Finally, he sets forth a retaliation claim, asserting that his non-selection occurred "after he invoked the specter of discrimination based on age and disability" in his October 6, 2005 letter to Kenneth Wainstein. For the following reasons, the Court disagrees with the plaintiff's various positions and GRANTS the defendant's motion to dismiss.

## ANALYSIS

### I.  *Standards of Review*

Defendant moves to dismiss the claims pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim for which relief can be granted. "When a motion to dismiss under Rule 12(b)(1) has been filed, the plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence." *Nichols v. Truscott*, 424 F. Supp. 2d 124, 132 (D.D.C. 2006). Moreover, under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss for failure to state a claim will not be granted unless the complaint does not contain "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007), and there is no "reasonably founded hope" that the plaintiff can make a case. *Id.* at 1969 (quoting *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 741 (1975)). In considering a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), this Court must view the factual allegations in the light most favorable to the plaintiff. *EEOC v. St. Francis Xavier*

---

[2] Spelke also alleges that he is a member of the class of persons protected by the Rehabilitation Act because he suffers from a form of cancer that is permanent in nature and affects substantial life activities. (Compl. ¶¶ 21, 22.) Spelke further claims that he has been regarded as disabled by employees of the USAO-DC since the mid-1980s. (*Id.*)

*Parochial Sch.*, 117 F.3d 621, 624-25 (D.C. Cir. 1997). However, even if the Court accepts as true all of the factual allegations set forth in the complaint, *Doe v. U.S. DOJ*, 753 F.2d 1092, 1102 (D.C. Cir. 1985), and construes the complaint liberally in favor of the plaintiff, *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979), it "need not accept inferences drawn by plaintiff[] if such inferences are unsupported by the facts set out in the complaint." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).

Summary judgment is appropriate when the pleadings and the evidence demonstrate that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment bears the initial responsibility of demonstrating the absence of a genuine dispute of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In determining whether there exists a genuine issue of material fact sufficient to preclude summary judgment, the Court must regard the non-movant's statements as true and accept all evidence and make all inferences in the non-movant's favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A non-moving party, however, must establish more than the "mere existence of a scintilla of evidence" in support of its position. *Id.* at 252. By pointing to the absence of evidence proffered by the non-moving party, a moving party may succeed on summary judgment. *Celotex*, 477 U.S. at 322. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (internal citations omitted). Summary judgment is appropriate if the non-movant fails to offer "evidence on which the jury could reasonably find for the [non-movant]." *Id.* at 252.

## II.  *Discrimination Claims*

Discrimination claims brought pursuant to the ADEA, the ADA, and the Rehabilitation Act are resolved under the burden-shifting standard set forth in *McDonnell Douglas v. Green*, 411 U.S. 792, 802 (1973), which places the initial burden of establishing a prima facie case of discrimination on the plaintiff.  *Teneyck v. Omni Shoreham Hotel*, 365 F.3d 1139, 1155 (D.C. Cir. 2004); *Dunning v. Quander*, 468 F. Supp. 2d 23, 28 (D.D.C. 2006).  Once the plaintiff makes such a showing, the burdens shifts to the defendant employer to specify "some legitimate, nondiscriminatory reason" for the adverse employment action.  *McDonnell*, 411 U.S. at 802.

### A.  *ADEA Claim*

To establish a prima facie case of age discrimination, plaintiff must "demonstrate facts sufficient to create a reasonable inference that age discrimination was a 'determining factor' in the employment decision."  *Rossell v. Kelliher*, 468 F. Supp. 2d 39, 48 (D.D.C. 2006) (quoting *Cuddy v. Carmen*, 694 F.2d 853, 856-57 (D.C. Cir. 1982)).  Such an inference is created if the plaintiff shows that:  (1) he belongs to the statutorily protected age group ( *i.e.*, forty to seventy years of age); (2) he was qualified for his position and was performing his job well enough to meet his employer's legitimate expectation; (3) he suffered an adverse employment action despite his qualifications and performance; and (4) he was disadvantaged in favor of similarly-situated younger employees.  *Teneyck*, 365 F.3d at 1155; *Forman v. Small*, 271 F.3d 285, 292 (D.C. Cir. 2001); *Baloch v. Norton*, 355 F. Supp. 2d 246, 255 (D.D.C. 2005).  If plaintiff succeeds, the burden shifts to the defendant to articulate legitimate, nondiscriminatory reasons for the challenged action.  *McDonnell Douglas*, 411 U.S. at 802.  If the employer succeeds in presenting such reasons, the burden returns to the plaintiff, who must prove that the

5

employer's proffered reasons for the challenged actions were merely a pretext for discrimination. *See id.* at 804-05. Here, the government in effect concedes that Spelke has made a prima facie case for discrimination, but refutes this with sufficient legitimate, nondiscriminatory reasons for not hiring him.

Indeed, except for his own contention that he was in fact better-qualified for the position of an AUSA in the Civil Division of the Washington, DC office, Spelke offers no support for his conclusion that he was better-qualified for that position. He simply states in summary fashion that his "qualification by virtue of training, skill, reputation with the [j]udges and attorneys[,] as well as courtroom experience exceeded that of all the other applicants hired during this period." (Compl. ¶ 15.) Since a plaintiff's "subjective assessment of [his] own performance" is not enough to establish discrimination, Spelke needed something more than his statements to support his contention. *Waterhouse v. Dist. of Columbia*, 124 F. Supp. 2d 1, 7 (D.D.C. 2000) (plaintiff's own assessment of performance insufficient); *see also Keeley v. Small,* 391 F. Supp. 2d 30, 50 (D.D.C. 2005) ("[P]laintiff's own evidence of his superior qualifications is based solely on his own assessment, which is generally not enough"); *Hastie v. Henderson*, 121 F. Supp. 2d 72, 81 (D.D.C. 2000) (finding no genuine issue of material fact where the sole evidence plaintiff provided was "her own self-serving and conclusory statement" that she was more qualified). After all, a twenty-plus year career as a federal criminal prosecutor, however accomplished, does not necessarily qualify one, per se, for the substantive and intellectual rigor of litigating a paper-intensive docket of civil cases in a major U.S. Attorney's Office.

More importantly, plaintiff's subjective self-assessment does not defeat defendant's offering "legitimate, nondiscriminatory reason" for the non-selection of

plaintiff. *McDonnell*, 411 U.S. at 802. When asked during his interview why he wanted to leave the NDDS to come to the Civil Division, Spelke responded that he disliked the amount of travel required at the NDDS and wanted to travel less. (Decl. of Craig Lawrence ¶ 10, *attached as* Ex. 3 to Mot. Dismiss; s*ee* Def. Undisputed Facts ¶ 6.) Interviewer Craig Lawrence stated that "based on our crushing workload and shortage of people I believe that it is important to look for people [who] want to come to Civil [and] not just leave a less agreeable position." (Decl. of Craig Lawrence ¶ 10.) Common sense, alone, would require some tangible evidence of superior qualifications to treat this as pretext. It does not exist on the record here, and accordingly, the Court GRANTS summary judgment for the defendant as to the plaintiff's ADEA claim.[3]

### B. Rehabilitation Act and ADA Claim

Plaintiff alleges that defendant failed to accommodate his "physical disability (cancer)" in violation of the Rehabilitation Act and the ADA.[4] (Compl. ¶ 33, 37, 39.) To establish a prima facie case of discrimination for failure to accommodate, pursuant to the Rehabilitation Act and the ADA, plaintiff must show th at: "(1) he was an individual

---

[3] Plaintiff's request for document discovery in his opposition to the defendant's motion for summary judgment is also DENIED. Federal Rule of Civil Procedure 56(f) provides: "Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons states present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just." Not only did plaintiff fail to concretely state, in an affidavit, the discovery he would seek, he also had access to the evaluations of the majority of the individuals selected for AUSA positions (*see, e.g.*, Pl. Ex. F, G, H, I, J).

[4] The Court notes that, in his complaint, plaintiff cites to both the Rehabilitation Act and the ADA as the statutory basis for his failure to accommodate claim. (Compl. ¶ 1.) The Rehabilitation Act, however, expressly incorporates the standards of the ADA for claims of employment discrimination. *Brown v. Snow*, 407 F. Supp. 2d 61, 67 n.5 (D.D.C. 2005); *Lester v. Natsios*, 290 F. Supp. 2d 11, 23 n.2 (D.D.C. 2003) (citing 29 U.S.C. § 791(g)); *see also Bragdon v. Abbott*, 524 U.S. 624, 631 (1998) (noting that the ADA provides "at least as much protection as provided by the regulations implementing the Rehabilitation Act") (citing 42 U.S.C. § 12201(a)).

who had a *disability* within the meaning of the statute; (2) the employer had notice of his disability; (3) with reasonable accommodation he could perform the essential functions of the position; and (4) the employer refused to make such accommodations." *Scarborough v. Natsios*, 190 F. Supp. 2d 5, 19 (D.D.C. 2002) (emphasis added) (quoting *Rhoads v. F.D.I.C.,* 257 F.3d 373, 387 n. 11 (4th Cir. 2001)). A plaintiff is "disabled" under the ADA if: "(1) he suffers from an impairment; (2) the impairment limits an activity that constitutes a major life activity under the Act; and (3) the limitation is substantial." *Haynes v. Williams*, 392 F.3d 478, 481-82 (D.C. Cir. 2004); 42 U.S.C. § 12111(8); *see Toyota Motor Mfg., Ky., Inc. v. Williams*, 534 U.S. 184, 195 (2002) (noting that "[m]erely having an impairment does not make one disable for purposes of the ADA[; c]laimants also need to demonstrate that the impairment limits a major life activity" and that the limitation is "substantial").

Plaintiff has failed to demonstrate that he is disabled because he has not shown that his condition limits a major life activity. Plaintiff has summarily stated that "he suffers from a physical disability (cancer) which is permanent in nature and effects substantial life activities," (Compl. ¶ 33), but has failed to articulate with any particularity the major life activity that has been substantially limited,[5] or that any such limitation is "substantial." *See Brown*, 407 F. Supp. 2d at 68 (citing *Coleman-Adebayo v. Leavitt*, 326 F. Supp. 2d 132, 142-43 (D.D.C. 2004) ("[A] person whose daily life activities are not substantially limited, even though her performance at work is subject to physical limitations, is not disabled.") (citing *Toyota Mfg.*, 534 U.S. at 201-02)).

---

[5] Although plaintiff implies that his condition limits his ability to work, the Supreme Court has actually questioned whether "working" qualifies as a "major life activity." *See Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 492 (1999).

8

Accordingly, the Court GRANTS defendant's motion for summary judgment on plaintiff's failure to accommodate claim.

## II.  *Retaliation Claims*

Next, plaintiff has failed to exhaust his administrative remedies for his Rehabilitation Act, ADA, and ADEA retaliation claims, and, therefore, the Court finds that this claim must be dismissed.[6] In addition to claims brought under Title VII, the administrative procedures established by the Equal Employment Opportunity Commission ("EEOC") apply to claims brought under the Rehabilitation Act, the ADA, and the ADEA. *See* 29 U.S.C. § 794a(a)(1). These procedures require a plaintiff to exhaust his/her administrative remedies before the EEOC before seeking relief in court. Accordingly, plaintiff must initially file an administrative claim with the EEOC that sets forth with specificity the theory behind the charge being made before filing in federal court. 42 U.S.C. § 2000e-5(f)(1); *Alfred v. Scribner Hall & Thompson, LLP*, 473 F. Supp. 2d 6, 8 (D.D.C. 2007); *see Park v. Howard Univ.*, 71 F.3d 904, 907 (D.C. Cir. 1995). Indeed, the EEOC administrative charging document has boxes to check that specify the plaintiff's theory behind the discrimination charge.

It should be noted, however, that while a Title VII suit is normally limited in scope to the allegations of the EEOC charge, the rule is not absolute. If a complainant brings a retaliation claim that was not included in the original administrative charges but the retaliation claim is "'like or reasonably related to the allegations of the charge and growing out of such allegations,'" courts have not required the complainant to first exhaust his administrative remedies. *Pyne*, 298 F. Supp. 2d at 11 (citing *McKenzie v. Ill.*

---

[6] Because the Court finds that Spelke has failed to make a prima facie case on his age and disability discrimination claims, it need not address whether those claims were exhausted.

*McKenzie*, 92 F.3d at 483. For those plaintiffs who have suffered retaliation *prior* to the filing of an EEOC charge, bringing a retaliation charge before the EEOC is a prerequisite to seeking relief in court. *Id.*

In this case, plaintiff alleges that the retaliation he suffered was defendant's failure to hire him presented in the December 7, 2005 letter sent by Channing Phillips. (Compl. ¶ 14.) Unfortunately for plaintiff, however, his letter was sent prior to the filing of plaintiff's EEOC administrative complaint on December 21, 2005, and, thus, any retaliation claim could have, and should have, been included in the original EEOC complaint. Accordingly, plaintiff has failed to exhaust his administrative remedies before bringing his retaliation charge in the instant action, and, his claim for retaliation must be dismissed.

## CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment.

_____
RICHARD J. LEON
United States District Judge